UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

ORLANDO COMMUNICATIONS LLC,

    Plaintiff,

v.

CASE NO. 6:14-cv-1625-ORL-28 DAB

SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC, and T-MOBILE US, INC.,

JURY TRIAL DEMANDED

    Defendants.

_____/

## COMPLAINT OF PLAINTIFF ORLANDO COMMUNICATIONS LLC FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL -- INJUNCTION SOUGHT

Plaintiff, Orlando Communications LLC ("Orlando"), complains against Defendants, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (together "Samsung"), and T-Mobile US, Inc. ("the Carrier"), (collectively, "Defendants"), as follows:

### PARTIES

1.     Orlando is a Florida limited liability company with principal place of business at 2400 Dallas Parkway, Suite 200, Plano, TX 75093.

2.     Samsung Electronics Co., Ltd. is a Korean corporation with its principal offices at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul, 100-742, South Korea.

3.     Samsung Electronics America, Inc. is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660.

4. Samsung Telecommunications America, LLC is a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75081.

5. The Carrier is a Delaware corporation with its principal place of business at 12920 SE 38th Street, Bellevue, WA 98006.

6. The Carrier offers and provides to subscribers, in return for payments by those subscribers, mobile voice and data services ("the Carrier Services") over its 3G or 4G wireless network ("the Carrier Network") and terms for purchasing and obtaining, from the Carrier, Carrier Handsets, configured for use by the subscribers to enjoy the Carrier Services. Carrier Handsets include certain Samsung provided, manufactured, or sold tablets, smartphones, and other 3G or 4G voice/data mobile units that comply with requirements of the Carrier and have been configured to interoperate with, and become part of, the Carrier Network.

7. The Carrier Handsets include the Samsung Galaxy Avent, Samsung Galaxy Light, Samsung Galaxy Note 3, Samsung Galaxy Note II, Samsung Galaxy S 4G, Samsung Galaxy S3, Samsung Galaxy S4, Samsung Galaxy S5, Samsung Galaxy Exhibit, Samsung Galaxy S Blaze, Samsung Galaxy S II, Samsung Galaxy S Relay, Samsung Gravity Q, Samsung Gravity Txt, Samsung t159, Samsung Gravity Smart, Samsung Sidekick, Samsung Galaxy Tab 2 10.1, Samsung Galaxy Tab 3 7.0, Samsung Galaxy Tab 4 8.0, Samsung GALAXY Note 10.1 (2014 Edition), and possibly others.

8. Samsung manufactures or sells the Carrier Handsets for subsequent sale by the Carrier to subscribers and for use by end users.

## JURISDICTION

9. This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. §§ 101, *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

10. Personal jurisdiction exists over Defendants because they have responsibility for making, using, offering for sale, selling, importing, making available, and marketing products in this district the use of which in this district infringes each of Orlando's patents, as described below.

11. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## COUNT I

### Infringement of U.S. Patent No. 5,687,196

12. This Count incorporates by reference paragraphs 1 through 11, above.

13. Orlando owns United States patent number 5,687,196, entitled "Range and Bearing Tracking System with Multipath Rejection" ("the '196 patent"), which issued to inventors James Arthur Proctor, Jr. and James Carl Otto on November 11, 1997. (Exhibit A).

### Direct Infringement

14. The Carrier has infringed and continues to infringe at least claim 12 of the '196 patent because base stations it operates in the Carrier Network perform each step of at least claim 12 of the '196 patent. The Carrier thus has liability for infringement of the '196 patent under 35 U.S.C. § 271(a).

### Indirect Infringement – Contributory

15. Samsung, by supplying Carrier Handsets that are used to cause infringement of at least claim 12 of the '196 patent, has contributed to, and continues to contribute to, the infringement by others, including the Carrier.

3

16. Samsung contributes by offering to sell, selling, or importing the Carrier Handsets, which have distinct and separate portions of software ("the Components") for use only in causing the practice of the patented process, constituting a material part of the invention, knowing the Components to be especially made or adapted for use in infringing at least claim 12 of the '196 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use. The Components include the portions of software on the Carrier Handsets, software updates for the Carrier Handsets, and software on individual chips or chipsets forming part of the Carrier Handsets that are used only for causing the performance of the steps of the claimed method.

17. Samsung's conduct creates liability under 35 U.S.C. § 271(c).

18. Samsung received explicit notice on or about June 24-25, 2014 when representatives from Orlando's parent company met with Samsung representatives and Defendants were given written notice on or about on July 15, 2014 when claim charts for the '196 and '553 patents were sent via Federal Express to Samsung's VP IP Acquisition, of Orlando's allegations of infringement and identification of the Carrier Handsets, which contain distinct and separate portions of software for use only in causing infringement of at least claim 12 of the '196 patent. Samsung also received notice of the Components especially made or especially adapted for use in causing infringement of the '196 patent that were not staple articles or commodities of commerce suitable for substantial non-infringing use. Despite that notice, Samsung has continued to provide the Carrier Handsets. Samsung thus has known and intended (since receiving such notice) that its continued actions would contribute to infringement the '196 patent.

19. Defendants' infringement, as set forth above, has damaged Orlando.

20. Defendants are liable in an amount that adequately compensates Orlando for the infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### Infringement of U.S. Patent No. 6,009,553

21. This Count incorporates by reference paragraphs 1 through 11, above.

22. Orlando owns United States patent number 6,009,553, entitled "Adaptive Error Correction for a Communication Link," ("the '553 patent") which issued to inventors Dennis Martinez, Thomas Hengeveld, and Michael Axford on December 28, 1999. (Exhibit B).

### Direct Infringement

23. The Carrier has infringed and continues to infringe at least claims 1 and 5 of the '553 patent by offering for sale and selling the Carrier Services and by making, using, offering for sale, selling, or importing into the United States the Carrier Handsets. Carrier thus has liability for infringement of the '553 patent under 35 U.S.C. § 271(a).

24. The Carrier infringes in various ways. For example, it supplies Carrier Handsets for use on, and thereby forming part of, the Carrier Network, which handsets, together with other components that the Carriers operate, are programmed, when enabled and ready to transmit data, to automatically perform each step of at least claims 1 and 5 of the '553 patent. In addition, certain components of the Carrier Network that the Carrier itself operates perform steps of claims 1 and 5 while the Carrier causes a Carrier Handset to automatically carry out the remaining steps of claims 1 and 5.

### Indirect Infringement - Inducement

25. Each end user who operates one of the above listed Carrier Handsets according to the Defendants' instructions directly infringes by necessarily causing the Carrier Handset and other devices in

the Carrier Network to perform all the steps of at least claims 1 and 5 of the '553 patent. Those devices automatically run software Defendants have installed; the running of that software causes those end users to directly infringe the '553 patent. Defendants thus have infringed, and continue to infringe, the '553 patent by actively inducing others to use the Carrier Handsets.

26. The Defendants have taken and continue to take active steps to encourage Carrier Services subscribers to purchase the Carrier Handsets and encourage and facilitate the subscribers' use of the Carrier Handsets in the Carrier Network, which use inherently infringes the '553 patent.

27. Defendants' inducement creates liability under 35 U.S.C. § 271(b).

28. Defendants received explicit notice, when representatives from Orlando's parent company met with Samsung representatives more than three months ago and when claim charts for the '196 and '553 patents were sent via Federal Express to Samsung's VP IP Acquisition more than two months ago, that their activities cause others to infringe these patents. Despite that notice, they have continued those activities. Defendants thus have known and intended (since receiving such notice) that their continued actions would induce actual infringement of the '553 patent.

### Indirect Infringement – Contributory

29. Defendants, by supplying Carrier Handsets that are used to directly infringe at least claims 1 and 5 of the '553 patent, have contributed to, and continue to contribute to, the infringement by others, including end users of the Carrier Handsets.

30. Defendants contribute by offering to sell, selling, or importing the Carrier Handsets, which have distinct and separate portions of software ("the Components") for use only in practicing the patented process, constituting a material part of the invention, knowing the Components to be especially made or adapted for use in infringing the '553 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use. The Components include the portions of software on the

Carrier Handsets, software updates for the Carrier Handsets, and software on individual chips or chipsets forming part of the Carrier Handsets that are used only for performing the steps of the claimed method.

31. Defendants' conduct creates liability under 35 U.S.C. § 271(c).

32. Defendants were given explicit notice when representatives from Orlando's parent company met with Samsung representatives more than three months ago and Defendants were given written notice when claim charts for the '196 and '553 patents were sent via Federal Express to Samsung's VP IP Acquisition more than two months ago, of Orlando's allegations of infringement and identification of the Carrier Handsets, which contain distinct and separate portions of software for use only in infringing at least claims 1 and 5 of the '553 patent and notice of the Components especially made or especially adapted for use in infringing the '553 patent that were not staple articles or commodities of commerce suitable for substantial non-infringing use. Despite that notice, they have continued to provide the Carrier Handsets. Defendants thus have known and intended (since receiving such notice) that their continued actions would contribute to infringement of the '553 patent.

33. Defendants' infringement, as set forth above, has damaged Orlando.

34. Each Defendant's infringement and consequent damage will continue unless that Defendant is enjoined.

35. Defendants are liable in an amount that adequately compensates Orlando for the infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## DEMAND FOR JURY TRIAL

Orlando requests a trial by jury.

## PRAYER FOR RELIEF

For the above reasons, Orlando respectfully requests that this Court enter judgment:

A.  That each Defendant has infringed the '196 and '553 patents;

B.  Enjoining each Defendant, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or privity with it from infringement of the '196 and '553 patents, under 35 U.S.C. § 283;

C.  That each Defendant pay Orlando damages with interest and costs, under 35 U.S.C. § 284;

D.  Declaring this case exceptional under 35 U.S.C. § 285 and awarding attorneys fees; and

E.  Granting any further relief that the Court may deem appropriate.

Dated: October 6, 2014

*[signature]*

SUZANNE BARTO HILL, ESQUIRE
Florida Bar No. 0846694
E-Mail: shill@rumberger.com
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue (32801)
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133

        Paul J. Hayes – Trial Counsel
        E-Mail: pyhayes@hayesmessina.com
        James J. Foster
        E-mail: jfoster@hayesmessina.com
        Daniel McGonagle
        E-Mail: dmcgonagle@hayesmessina.com
        HAYES MESSINA GILMAN & HAYES, LLC
        200 State Street, 6th Floor
        Boston, MA  02109
        Telephone: (617) 439-4200
        Facsimile : (617) 443-1999

        **ATTORNEYS FOR PLAINTIFF**
          **ORLANDO COMMUNICATIONS LLC**